# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8254 | **DATE** | January 5, 2011 |
| **CASE TITLE** | Tylon Hudson (#2009-1120252) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which to: (1) either file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee; and (2) submit a judge's copy and three service copies of his complaint. The clerk is directed to send the plaintiff an i.f.p. application along with a copy of this order. Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case. The plaintiff is advised that he must provide the court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**                                      **Docketing to mail notices.**

## STATEMENT

    The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, jail officials, violated the plaintiff's constitutional rights by acting with deliberate indifference to his health, safety, and medical needs. More specifically, the plaintiff alleges that he fell out of bed and injured himself because the defendants ignored doctors' orders that he be assigned to a bottom bunk due to his medical needs (seizures).

    The plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

    To enable the court to make the necessary assessment of the initial partial filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from June 30, 2010, through December 30, 2010].

The plaintiff must also provide a judge's copy, plus three service copies, of his complaint. The court has neither the statutory authority nor the staffing to make copies of the 25-page complaint for the plaintiff. **The plaintiff is advised that he must provide the court with the original plus a complete judge's copy of every court filing.**

The plaintiff may also wish to consider voluntarily dismissing this case, without prejudice to pursuing the claims raised herein under Case No. 10 C 8253. The plaintiff initiated two lawsuits on the same day, *Hudson v. Dart*, Case No. 10 C 8253 (N.D. Ill.), and the instant case. In Case No. 10 C 8253, like the case at bar, the plaintiff contends that the defendants acted with deliberate indifference to his health, safety, and medical needs and exposed him to undue risk by assigning him to an upper bunk; he maintains that the defendants' actions resulted in the plaintiff's injuring himself in June 2010. In this case, the plaintiff alleges that he fell out of bed again and sustained injuries in November 2010 due to the same, alleged lack of safety precautions. The defendants in this case are among those defendants named in Case No. 10 C 8253.

The plaintiff need not necessarily pursue two separate actions. As discussed in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), "[t]he controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief ... may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine...." *George*, 507 F.3d at 607. Accordingly, the plaintiff may choose to submit an amended complaint in first-filed Case No. 10 C 8253 rather than proceeding with the same, basic claims against the same defendants in two separate lawsuits.

In sum, the plaintiff must, within thirty days: (1) **either** file an *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) **or** pay the full $350 filing fee; and (2) submit a judge's copy plus three service copies of the complaint. In the alternative, the plaintiff may advise the court that he does not wish to proceed with this second lawsuit. The clerk will furnish the plaintiff with an *in forma pauperis* application along with a copy of this order. Failure of the plaintiff to comply within thirty days of the date of this order will result in summary dismissal of this case, on the understanding that the plaintiff has decided against pursuing this separate lawsuit.